UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRIXCO SORIANO REYES *et al.*,

                              Plaintiffs,

     -v-                                No. 17-cv-1035 (RJS)
                                     ORDER & JUDGMENT

S.L. 93 CORP. d/b/a Ottomanelli New York
Grill *et al.*,

                              Defendants.

<u>RICHARD J. SULLIVAN</u>, District Judge:

       Plaintiffs commenced this action on February 2, 2017 (Doc. No. 1) and amended their complaint on April 20, 2017 to include the remaining Defendants, Stuart Liu, S.L. 93 Corp., and S.L. 86 Corp. (Doc. No. 31). On April 7, 2017, Plaintiffs filed an affidavit of service indicating that he had served the complaint on Defendants on May 16, 2017. (Doc. Nos. 43, 44, 45.) To date, Defendants have not answered the complaint, and the deadline to do so has expired. On September 11, 2017, the Clerk of Court entered Certificates of Default as to all Defendants. (Doc. Nos. 67, 68, 69.) On the same day, the Court ordered that Plaintiffs file their motion for default judgment, that Defendants respond in writing to the motion no later than September 28, 2017, and that the parties appear for a show-cause hearing. (Doc. No. 70.) Plaintiffs filed their motion for default judgment on September 14, 2017. (Doc. No. 71.) On September 28, 2017, Defendant Stuart Liu filed a notice of appearance on his own behalf and filed an answer to the complaint. (Doc. Nos. 74, 75.) In light of Mr. Liu's appearance, on October 2, 2017, the Court denied the motion for default judgment with respect to Mr. Liu, but urged Mr. Liu to obtain counsel for the corporate defendants quickly if he wished to avoid the entry of a default judgment as to those

entities. (Doc. No. 76.) *See, e.g., Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007) (stating the legal rule that corporate entities must be represented by attorneys). On October 12, 2017, the Court held a show cause hearing at which Mr. Liu announced that he would not be retaining counsel for the corporate defendants, understanding that his failure to do so would result in the entry of a default judgment as to the corporate Defendants.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs' motion for a default judgment is GRANTED with respect to Defendants S.L. 93 Corp. and S.L. 86 Corp.[1] IT IS FURTHER ORDERED THAT default judgment shall be entered against these corporate Defendants in the amount of $646,630.04, including (1) compensatory damages for unpaid minimum wage and overtime wages in the amount of $265,114.75, (2) unpaid spread of hours pay in the amount of $28,063.75, (3) liquidated damages in the amount of $293,178.50, (4) statutory damages for violation of New York Labor Law § 195 in the amount of $50,000, (5) attorney's fees in the amount of $9,542.50, and (6) costs in the amount of $730.90.[2] (*See* Doc. Nos, 72, 72-3, 72-4, 72-5, 72-6, 72-7, 72-20, 72-21, 72-22.) These amounts are to be distributed among the individual Plaintiffs in

---

[1] The Court concludes that a damages inquest is unnecessary in this case since Plaintiffs have submitted undisputed and detailed declarations relating to damages, which provide a sufficient factual basis to award damages. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

[2] Plaintiffs also seek a pre-judgment interest payment of $63,607.67. The Court declines to award prejudgment interest because the Court concludes that Plaintiffs are not entitled to both prejudgment interest and liquidated damages on New York Labor Law ("NYLL") claims. While the Second Circuit previously recognized that courts may award both prejudgment interest and liquidated damages on NYLL claims because the two remedies were not duplicative – with NYLL liquidated damages serving as a penalty and NYLL prejudgment interest being compensatory, *see Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) – the New York legislature reformed the NYLL in 2009 and 2011, eroding the distinctions between the federal and state statutes so that liquidated damages under both laws now serve compensatory purposes. *See, e.g., Zhen Ming Chen v. New Fresco Tortillas Taco LLC*, No. 15-cv-2158 (RA) (AJP), 2015 WL 5710320, at *6 (S.D.N.Y. Sept. 25, 2015), adopted, No. 15-cv-2158 (RA), 2017 WL 818469 (S.D.N.Y. Mar. 1, 2017). As a result, the Second Circuit recently concluded that liquidated damages under NYLL "over and above a like award of FLSA liquidated damages" are inappropriate. *Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016). Therefore, if, as numerous courts have concluded, FLSA liquidated damages "serve as a form of pre-judgment interest," it would appear that liquidated damages under the NYLL do the same. *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008); *see also Fitzgerald v. Bondfactor Co., LLC*, No. 15-cv-6796 (CM) (FM), 2016 WL 4939082, at *2 (S.D.N.Y. Aug. 31, 2016) ("To allow an employee to recover unpaid wages and liquidated damages, with interest, would have the effect of 'allowing interest on interest.'") (citation omitted).

accordance with the calculation set forth in Exhibit 14 to the Declaration of Colin Mulholland. (*See* Doc. No. 72-21.)

IT IS FURTHER ORDERED THAT Plaintiffs are awarded post-judgment interest as calculated under 28 U.S.C. § 1961.

The Clerk of Court is respectfully directed to mail a copy of this order to Defendant Stuart Liu.

SO ORDERED.

Dated:     November 3, 2017
           New York, New York

                                                        _____
                                                        RICHARD J. SULLIVAN
                                                        UNITED STATES DISTRICT JUDGE